McGINNISS v. BROWN et al.—204 S. W. (2d) 334.

Middle Section. March 1, 1947.

Petition for Certiorari denied by Supreme Court, May 3, 1947.

Lewis S. Pope, of Nashville, and H. M. Hood, of Livingston, for plaintiff in error.

Case & Case, of Jamestown, for defendants in error.

HICKERSON, J. Homer McGinniss worked in a coal mine which was owned and operated by W. B. Brown and J. A. Allred, as partners, under the partnership name of A. & B. Coal Company. A rock fell from the roof of the

mine and injured McGinniss. He brought this suit to recover damages for his injuries.

His declaration was divided into three counts wherein he alleged: First count, defendants failed to properly and safely support the roof of the mine to keep it from falling; second count, defendants placed a track, which was used for coal cars, so close to a support or prop in the mine that the coal cars could not pass over the track; and third count, defendants failed to keep a mine boss or foreman on the job.

Defendants pleaded the general issue.

The trial judge directed a verdict for defendants. Plaintiff appealed in error to this court.

There is only one assignment of error: The trial court erred in directing a verdict for defendants.

Taking a case from the jury by the judge and deciding the case himself goes deeper than an adjudication of property rights. A constitutional guaranty is involved. The Constitution of Tennessee, Article I, Section 6, provides: "That the right of trial by jury shall remain inviolate, and no religious or political test shall ever be required as a qualification for jurors."

Upon the consideration of a motion made by defendant for directed verdict "plaintiff is entitled to all legitimate inferences of fact favorable to him which may be reasonably drawn from the evidence tending to support the cause of action stated in his declaration," Prudential Insurance Company v. Davis, 18 Tenn. App. 413, 429, 78 S. W. (2d) 358, 368; and "the trial judge should take the most favorable view of the evidence supporting the rights asserted by the party against whom the motion is made, and discard all countervailing evidence," Wildman Manufacturing Company v. Davenport Hosiery Mills, 147 Tenn. 551, 249 S. W. 984, 985.

Authorities involving the questions of proximate cause and intervening cause are discussed in Gannon v. Crichlow, 13 Tenn. App. 281. A review of these authorities in this opinion, in detail, is not necessary.

■ "If the occurence of the intervening cause might reasonably have been anticipated, such intervening cause will not interrupt the connection between the original cause and the injury." Gannon v. Crichlow, supra.

■ In Grigsby & Co. v. Bratton, 128 Tenn. 597, 603, 163 S. W. 804, 806, the court said: "What is meant by 'proximate cause' is not necessarily that which is next or last in time or place, but that which is a procuring, efficient, and predominant cause. Closeness is causal relation, rather is the meaning."

■ Whether an act or omission is the proximate cause of an injury is a question for the jury, unless the determinative facts are undisputed, and the minds of all reasonable men could reach only one conclusion from such facts as to the proximate cause of the injury. Western Union Telegraph Company v. Dickson, 27 Tenn. App. 752, 173 S. W. (2d) 714; Tri-State Transit Company v. Duffey, 27 Tenn. App. 731, 173 S. W. (2d) 706.

■ Where the employer has given the statutory notice that he will not operate under the workmen's compensation law, and the employee has not given notice of a like intention, the defense of contributory negligence is not available to the employer in a common law action against him by the employee to recover damages for personal injuries. Code Section 6862.

To maintain his common law action, however, plaintiff must show negligence on the part of defendant which was the proximate cause of his injuries. Moore Coal Company v. Brown, 166 Tenn. 516, 64 S. W. (2d) 3.

Considering the testimony and all reasonable inferences which could be drawn therefrom most favorably to plaintiff, there is evidence in the record to support the following facts in this case:

Plaintiff worked in the mine owned and operated by defendants. He was "robbing" the mine on the day he was injured. "Robbing" means that the coal has been regularly mined leaving pillars to support the roof, and the miners are removing the pillars starting at the far side of the mine and coming towards the entrance. This work is very dangerous. The roof of the mine was in bad shape caused by the natural formation. Defendants knew this. Props, timbers, or supports had been put in the mine to keep the roof from falling. These supports were made of wood and were placed against the top of the mine and rested on the floor.

Coal was removed from the mine by means of coal cars pulled by mules. These coal cars ran on iron tracks which were placed on wooden crossties. Defendants had a man who supervised and controlled the laying of these tracks throughout the mine. This "track man" laid the track into the room where plaintiff was injured. Plaintiff and another miner assisted him in this work. The track into the room where plaintiff was injured was laid so close to one of the props that the coal car could not pass the prop. Plaintiff and his fellow miner had to use the coal car over this track to remove the coal.

When they saw the car would not pass the prop, plaintiff tested the prop and thought he could safely remove it so the car would pass. He did remove the prop, and a rock fell upon him causing his injuries.

 It was the duty of defendants to furnish plaintiff with a safe place to work. The coal cars and the track upon which they ran were a necessary part of his

tools and equipment. When defendants laid this track so close to one of these props that the car would not pass, they must have known that the miners might remove the prop so the car would pass. Especially is this true, when the props were so thickly placed at this point that there was no room to place another near the point where the one in question was removed. It was a normal natural consequence of the laying of the track so close to the prop that the car would not pass for the miner, who had to use the car over this track, to remove the obstruction. Certainly a jury question was presented to determine whether the negligent laying of the track was the proximate cause of the accident and plaintiff's injuries resulting therefrom.

There is proof to support the charge that defendants did not keep a mine boss on the job at this mine as required by Code Section 5594. The minds of reasonable men might have reached the conclusion that a mine boss would have discovered that the track was laid too close to the prop for the car to pass and would have corrected this mistake, and in that manner have prevented the injuries to plaintiff. It was a question for the jury to determine whether the failure to keep this mine boss on the job was the proximate cause of plaintiff's injuries.

For the reasons indicated, the trial court erroneously directed a verdict for defendants. The judgment of the circuit court is reversed and the cause remanded for a new trial. The costs of the appeal will follow the judgment in this court. The costs in the lower court will be adjudged by that court at the conclusion of the case.

Felts and Howell, JJ., concur.