■ FLOYD MORGAN, Appellant, v. MILDRED ROBACKER, Individually and as Administratrix of the Estate of HARL J. ROBACKER, Deceased, Respondent.— Appeal from an order of the Supreme Court at Special Term, in Chemung County dismissing the complaint as insufficient, upon its face, to state a cause

of action. The complaint alleges that plaintiff was injured while in the employ of defendant and defendant's intestate, that such employers had failed to effect workmen's compensation insurance covering plaintiff and that by reason of plaintiff's injuries he sustained damages in an amount stated. The complaint contains no allegation of negligence and appellant contends that none is necessary. By section 10 of the Workmen's Compensation Law, employers subject to the act are required to secure compensation to employees. By section 11 it is provided that an employee's remedy against his employer under the act shall be exclusive except that if an employer shall fail to secure compensation, an injured employee, or his legal representative in case of his death, may elect to claim compensation under the act or to maintain an action for damages on account of such injuries or death. Appellant contends that an employer's violation of the provision requiring him to secure compensation, in and of itself creates a cause of action for damages in favor of an injured employee, without regard to fault on the part of the employer. Apparently this contention has not been passed upon by any appellate court although it has been advanced and rejected in courts of original jurisdiction. (See *Schein* v. *Feder,* 154 Misc. 830, and *Lindebauer* v. *Weiner,* 94 Misc. 612.) That the statute neither contemplates nor authorizes the result urged by appellant seems so clear as to render extended discussion unnecessary. That the alternative remedy of an action against an uninsured employer is by an action for common-law negligence is apparent when sections 10 and 11 are read together in the light of the history and intendment of the act itself, and in view particularly of the provisions of section 11 removing the necessity for pleading or proving freedom from contributory negligence and eliminating the defenses of negligence of a fellow servant, assumption of risk of the employment and contributory negligence, none of which provisions would be necessary if appellant's theory were correct. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.