**M.O. EHREDT d/b/a Arctic Guide Air Taxi, Appellant and Cross-appellee,**

v.

**DEHAVILLAND AIRCRAFT COMPANY OF CANADA, LTD., Appellee and Cross-appellant.**

**Nos. S–255/288.**

Supreme Court of Alaska.

Aug. 30, 1985.

Rehearing Denied Sept. 30, 1985.

Daniel E. Winfree, Bruce A. Bookman, Perkins, Coie, Stone, Olsen & Williams, Anchorage, for appellant and cross-appellee.

Steven S. Tervooren, Frank A. Pfiffner, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellee and cross-appellant.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

COMPTON, Justice.

This appeal arises from a contribution award in favor of an aircraft manufacturer against the employer of a pilot killed in a plane crash. The employer appeals, arguing that (1) the employer and manufacturer are not jointly and severally liable within the meaning of the Uniform Contribution Among Tortfeasors Act, (2) the award is barred by the exclusivity provision of the Workers' Compensation Act and (3) the manufacturer may not claim contribution because the settlement did not completely extinguish the employer's liability. Both parties argue that the trial court awarded an incorrect amount. The manufacturer contends that denial of Civil Rule 82(a) attorney's fees was an abuse of discretion. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 13, 1978, a Twin Otter aircraft crashed in Barrow. M.O. Ehredt d/b/a Arctic Guide Air Taxi (Ehredt) owned the aircraft, which was piloted by Ehredt's employee, Patrick Charles Walters (Walters). Walters died in the crash. The plane was manufactured by DeHavilland Aircraft Co. of Canada, Ltd. (DeHavilland).

Walters sued Ehredt and DeHavilland in superior court, alleging negligence claims against both and a strict products liability claim against DeHavilland.[1] Ehredt and DeHavilland cross-claimed for contribution and indemnity.

The jury returned a verdict against DeHavilland and Ehredt fixing Walters' damages at $1.85 million. The court entered judgment against DeHavilland and Ehredt, jointly and severally, for 90% of the judgment or $2,628,770.92, and judgment against Ehredt alone for 10% of the judgment or $290,991.22.[2]

DeHavilland then paid Walters $2.3 million for release of the joint and several liability judgment and assignment to DeHavilland of the judgment entered solely against Ehredt. DeHavilland moved for entry of judgment on its cross-claim against Ehredt for one-half of the $2.3 million settlement. The trial court awarded DeHavilland $1,001,323.42, representing one-half of the amount paid for release of the joint and several liability, excluding the amount DeHavilland paid for assignment of the separate judgment against Ehredt.[3]

| 90% damages: | $1,667,145.51 |
|---|---|
| Prejudgment interest: | 721,873.51 |
| Attorney's fees: | 239,751.90 |
| TOTAL: | $2,628,770.92 |
| 10% damages: | $ 185,238.39 |
| Prejudgment interest: | 80,208.17 |
| Attorney's fees: | 25,544.66 |
| TOTAL: | $ 290,991.22 |

Costs were also assessed against each defendant.

---

1. *Ehredt v. DeHavilland Aircraft Co.,* 705 P.2d 446 (Alaska 1985). A passenger injured in the crash also sought to recover for his injuries. *Atkins v. DeHavilland Aircraft Co.,* 699 P.2d 352 (Alaska 1985). The passenger's employer's workers' compensation insurance carrier sought indemnity from Ehredt and DeHavilland. *Providence Washington Insurance Co. v. DeHavilland Aircraft Co.,* 699 P.2d 355 (Alaska 1985).

2. DeHavilland was liable for only 90% of the judgment because of Walters' 10% comparative negligence. Ehredt's liability was not reduced by Walters' comparative negligence because Ehredt was Walters' employer and he was not in compliance with the Workers' Compensation Act. AS 23.30.055.
   These amounts were computed as follows:

3. The trial court found that DeHavilland paid Walters fair value for the separate judgment against Ehredt. The court concluded the judgment had a value of $297,353.17 (including costs). It calculated DeHavilland's award as follows:

The trial court determined that DeHavilland was entitled to reasonable attorney's fees, rather than the Civil Rule 82(a) scheduled amount, and awarded DeHavilland $4,000. Both Ehredt and DeHavilland appeal.

## II. JOINT AND SEVERAL LIABILITY

DeHavilland argues that it is entitled to contribution from Ehredt under the Uniform Contribution Among Tortfeasors Act, because they were adjudged jointly and severally liable for Walters' damages.[4] Ehredt contends that he and DeHavilland are not jointly and severally liable within the meaning of AS 09.16.010(a) because they were subject to different burdens of proof in the underlying action.[5] When an employer fails to secure payment of compensation, thereby entitling an employee to pursue a civil action, courts treat the civil action as any other common law claim, even though the Workers' Compensation Act affects the allocation of the burden of proof and abrogates certain defenses. *See, e.g., Gould v. Bird & Sons*, 5 Wash.App. 59, 485 P.2d 458 (1971). Since the jury found both Ehredt and DeHavilland negligent, we conclude they are jointly and severally liable in tort for the same wrongful

| | |
|---|---|
| Settlement amount: | $2,300,000.00 |
| Less: Value of assignment | 297,353.17 |
| Adjusted settlement amount: | $2,002,646.83 |

The court then awarded DeHavilland one-half of the adjusted settlement amount.

**4.** AS 09.16.010 provides in pertinent part:

(a) Except as otherwise provided in this chapter, where two or more persons become jointly or severally liable in tort ... for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.

(b) The right of contribution exists only in favor of a tortfeasor who has paid more than that tortfeasor's pro rata share of the common liability, and the total recovery of that tortfeasor is limited to the amount paid in excess of the pro rata share. No tortfeasor is compelled to make contribution beyond the tortfeasor's pro rata share of the entire liability.

**5.** Because Ehredt is an employer who failed to provide coverage, he bore the burden of proving

death within the meaning of AS 09.16.-010(a); therefore DeHavilland is entitled to contribution.

## III. EXCLUSIVE LIABILITY PROVISION

Ehredt next argues that, even if he and DeHavilland are jointly and severally liable, the exclusive liability provision of the Workers' Compensation Act bars DeHavilland's contribution claim. We must therefore examine the interplay between AS 23.-30.055 and AS 09.16.010.[6]

When an employer secures compensation, a third party's cross-claim for contribution is barred by the exclusivity provision. *State v. Wien Air Alaska*, 619 P.2d 719 (Alaska 1980). The question before us is whether *Wien* controls when the employer has *not* complied with the act.

The plain language of AS 23.30.055 arguably indicates that *Wien* applies and contribution is prohibited. The first sentence creates a blanket prohibition against actions "at law" by *anyone* entitled to recover damages from the employer. The second sentence creates a specific exception: if the employer fails to secure compensation the *employee* may maintain an

he was neither negligent nor the legal cause of Walters' death. AS 23.30.080. However, Walters bore the burden of proving negligence and causation against DeHavilland under ordinary tort principles.

**6.** AS 23.30.055 provides in pertinent part:

The liability of an employer prescribed in AS 23.30.045 is exclusive and in place of all other liability of the employer ... to the employee ... and anyone otherwise entitled to recover damages from the employer ... at law ... on account of the injury or death. However, if an employer fails to secure payment of compensation as required by this chapter, an injured employee or the employee's legal representative in case death results from the injury may elect to claim compensation under this chapter, or to maintain an action against the employer at law ... for damages on account of the injury or death. In that action the defendant may not plead as a defense that ... the employee assumed the risk of the employment, or that the injury was due to the contributory negligence of the employee.
AS 09.16.010 appears *supra* note 4.

action "at law." Since the express ban on suits by all other people is not lifted, Ehredt reasons that DeHavilland's claim for contribution is barred even though Ehredt did not secure compensation.

DeHavilland responds with a policy argument, contending that the legislature did not intend to grant statutory protection to a noncomplying employer. The exclusivity provision is an incentive for compliance, not a reward for noncompliance.

We agree with DeHavilland that the employer should not receive the protection of the exclusivity provision when it has failed to secure payment. We therefore conclude that a noncomplying employer is not relieved from its duty to contribute under AS 09.16.010 by the exclusivity provision of AS 23.30.055.

## IV. EHREDT'S REMAINING LIABILITY TO WALTERS

Ehredt also argues that DeHavilland may not maintain the contribution action because the settlement did not completely extinguish Ehredt's liability to Walters. AS 09.16.010(d).[7] DeHavilland argues that it was enough to extinguish the joint and several liability; Ehredt's separate liability is irrelevant.

■ The purpose of the act is to ensure that all tortfeasors pay their fair share of damages. "The main requirement for a post-judgment agreement to be considered a satisfaction is that it terminate the litigation." *Criterion Insurance v. Laitala,* 658 P.2d 112, 116 (Alaska 1983).

■ Had DeHavilland obtained releases for both the joint liability and Ehredt's separate liability, it is clear that DeHavilland could claim contribution because Ehredt's liability would be extinguished. We conclude that satisfaction of the common liability entitles DeHavilland to contribu-

tion, since each tortfeasor is thereby required to pay his fair share and there is no danger of double recovery against Ehredt.

## V. AMOUNT OF THE CONTRIBUTION AWARD

■ DeHavilland argues that the trial court erred when it decreased the contribution award by the face value of the separate liability judgment against Ehredt.[8] DeHavilland asserts that the finding that it paid Walters fair value for the assignment of the judgment is not supported by the evidence. However, Ehredt demonstrated that he has sufficient assets to satisfy the judgment in full, hence there is evidence that the assignment was worth the amount of the judgment. We conclude that the trial court did not abuse its discretion in reducing Ehredt's required contribution.

■ Ehredt urges us to consider the defendants' relative degrees of fault as found by the jury in determining the amount of contribution to avoid injustice.[9] AS 09.16.020(3). However, we have indicated that the prohibition against considering relative fault in AS 09.16.020(1) makes this a question for the legislature. *Criterion Insurance v. Laitala,* 658 P.2d 112, 118 n. 11 (Alaska 1983). We refuse to avoid the clear language of subparagraph (1) prohibiting contribution according to relative fault by relying on our statutory power to avoid injustice found in subparagraph (3).

## VI. ATTORNEY'S FEES

■ DeHavilland argues that it should receive Civil Rule 82(a) attorney's fees against Ehredt based on the contribution amount. The trial court determined that the schedule of Civil Rule 82(a) should not be adhered to and that DeHavilland was entitled to reasonable fees.

7. AS 09.16.010(d) provides in pertinent part:
   A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the ... wrongful death is not extinguished by the settlement....

8. The calculation appears *supra* note 3.

9. The jury found Walters 10% at fault, Ehredt 15% and DeHavilland 75%. The verdict form is discussed in *Ehredt v. DeHavilland Aircraft Co.,* 705 P.2d at 453–454 (Alaska 1985).

The trial court gave adequate reasons for refusing to apply the Civil Rule 82 schedule; we find no abuse of discretion. We note that the trial court awarded DeHavilland more than 50% of its actual attorney's fees.[10]

The judgment of the superior court is therefore AFFIRMED.

---

**10.** DeHavilland's attorneys billed $7,573.25 for the contribution cross-claim. The trial court awarded $4,000 attorney's fees.