David SYKES *v.* Jack WILLIAMS, First Coast Intermodal
Services, Inc., and Baxter Healthcare Corporation

07-918                                                    283 S.W.3d 209

Supreme Court of Arkansas
Opinion delivered April 17, 2008

*Stricker Law Firm, PLLC*, by: *R. Theodor Stricker*, for appellant.

*Barber, McCaskill, Jones, & Hale, P.A.*, by: *William H. Edward, Jr.* and *Michael Lee Wright*, for appellees Jack Williams and First Coast Intermodal Services, Inc.

*Bill Bristow* and *Frank Holbrook* (pro hac vice), for appellee Baxter Healthcare Corporation.

ANNABELLE CLINTON IMBER, Justice. Appellant David Sykes appeals the Craighead County Circuit Court's grant of summary judgment in favor of Appellees Jack Williams, First Coast Intermodal Services, Inc. ("First Coast"), and Baxter Healthcare Corporation ("Baxter"). In support of his three points on appeal, Sykes makes the following arguments: 1) He is not required to demonstrate that Appellees were negligent in order to proceed in his circuit-court action against them; 2) His burden of proof is met by the fact that Appellees failed to carry workers' compensation insurance; 3) Baxter is a prime contractor for purposes of Arkansas Code Annotated section 11-9-402(a) (Supp. 2007), making it liable for compensation to Sykes. Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1-2(b)(1) & (6) (2007), as this appeal presents an issue of first impression and a question concerning interpretation of a statute. We find no error and affirm.

The facts are not in dispute. Sykes was employed as a truck driver for Williams. Williams acted as a freight lessor for First Coast, which was a freight carrier for Baxter, a healthcare company

marketing medical devices and pharmaceuticals. Sykes regularly drove a route from Memphis, Tennessee, to Jacksonville, Florida, in a truck owned by Williams. In October of 2002, he hauled a trailer from Memphis to a Baxter facility in Cleveland, Mississippi, where he was to drop off the trailer and pick up another one to be delivered to Jacksonville. While at the Baxter facility in Cleveland, Sykes sustained an injury to his back as he was disconnecting the trailer from the truck.

Sykes filed a claim with the Arkansas Workers' Compensation Commission. He was later informed by the Commission that Williams did not have a policy of workers' compensation insurance and was not an authorized self-insured employer. The Commission notified Sykes of his right to pursue a claim in tort pursuant to Arkansas Code Annotated section 11-9-105(b) (Repl. 2002). Sykes filed a complaint in Craighead County Circuit Court against Williams, First Coast, and Baxter. He alleged that Williams was negligent in failing to provide him a safe workplace and in failing to secure workers' compensation insurance. Sykes contended that First Coast and Baxter were prime contractors and statutory employers and were negligent in failing to provide him a safe workplace and in failing to secure workers' compensation insurance or to ascertain that it was provided by another defendant. Additionally, Sykes alleged that First Coast was negligent in hiring Williams and that Baxter was negligent in hiring First Coast. Sykes sought recovery in the amount of 1.6 million dollars.

Williams, First Coast, and Baxter filed motions for summary judgment. They argued that, by virtue of Sykes's election to pursue a fault-based claim in tort rather than recovery under workers' compensation law, Sykes was required to prove negligence on their part, which he could not do. Williams, First Coast, and Baxter pointed to Sykes's deposition, wherein he stated that he was not aware of any wrongdoing that contributed to his injury. Sykes responded to the motions by arguing that an employer sued in tort pursuant to Arkansas Code Annotated section 11-9-105(b) is subject to strict liability. Alternatively, he alleged that he had established negligence by showing that Appellees violated statutory law in failing to secure workers' compensation insurance. The circuit court rejected Sykes's arguments and granted the motions for summary judgment, and Sykes filed a timely notice of appeal.

The standard of review used by this court in reviewing a grant of summary judgment is well settled. Summary judgment is to be granted by a trial court only when it is clear that there are no

genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Benton County v. Overland Dev. Co., Inc.*, 371 Ark. 559, 268 S.W.3d 885 (2007). Once a moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* After reviewing undisputed facts, summary judgment should be denied if, under the evidence, reasonable minds might reach different conclusions from those undisputed facts. *Id.* On appeal, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material question of fact unanswered. *Id.* This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review is not limited to the pleadings, as we also focus on the affidavits and other documents filed by the parties. *Id.*

We review issues of statutory construction de novo. *Ryan & Co. AR, Inc. v. Weiss*, 371 Ark. 43, 263 S.W.3d 489 (2007). It is for this court to decide what a statute means, and we are not bound by the circuit court's interpretation. *Id.* The basic rule of statutory construction is to give effect to the intent of the General Assembly. *Id.* In determining the meaning of a statute, the first rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* Our court construes the statute so that no word is left void, superfluous, or insignificant, and meaning and effect are given to every word in the statute if possible. *Id.* When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to resort to the rules of statutory construction. *Id.* However, we will not give statutes a literal interpretation if it leads to absurd consequences that are contrary to legislative intent. *Id.* We will accept a circuit court's interpretation of the law unless it is shown that the court's interpretation was in error. *Id.* Our court seeks to reconcile statutory provisions to make them consistent, harmonious, and sensible. *Id.*

### *I. Negligence Under Arkansas Code Annotated Section 11-9-105(b)*

For his first point on appeal, Sykes contends that the circuit court committed reversible error by requiring a showing of negligence. He argues that Arkansas Code Annotated section 11-9-105(b), the exclusive-remedy provision that also permits suits in

tort against employers who fail to pay compensation, is intended to serve as a penalty for those employers who do not maintain workers' compensation insurance for their employees. Thus, Sykes contends, it follows that employers sued under this provision are stripped of all defenses and subject to strict liability.

■ The statute at issue reads as follows:

(b)(1) However, if an employer fails to secure the payment of compensation as required by this chapter, an injured employee, or his or her legal representative in case death results from the injury, may, at his option, elect to claim compensation under this chapter or to maintain a legal action in court for damages on account of the injury or death.

(b)(2) In such action it shall not be necessary to plead or prove freedom from contributory negligence, nor may the defendant-employer plead as a defense that the injury was caused by the negligence of a fellow servant, that the employee assumed the risk of his or her employment, or that the injury was due to the contributory negligence of the employee.

Ark. Code Ann. § 11-9-105 (Repl. 2002). Provisions of workers' compensation law are to be strictly construed. *Id.* § 11-9-704(c)(3); *Hapney v. Rheem Mfg. Co.*, 341 Ark. 548, 26 S.W.3d 771 (2000). Strict construction is narrow construction and requires that nothing be taken as intended that is not clearly expressed. *Hapney v. Rheem Mfg. Co., supra.* The doctrine of strict construction requires this court to use the plain meaning of the language employed. *Id.*

■ Under the plain meaning of Arkansas Code Annotated section 11-9-105(b), the no-fault theory of workers' compensation clearly does not carry over to suits filed in tort. The statute does not state that suits filed in tort are to be based on a theory of strict liability, and under our rules of strict construction, we must refrain from inferring legislative intent in the absence of clear expression. *Hapney v. Rheem Mfg. Co., supra.* When the words of the statute are given their ordinary and usually accepted meaning, the phrase "legal action in court" indicates a tort suit. To establish a prima facie case of negligence in such a suit, a plaintiff must show that he or she sustained damages, that the defendant was negligent, and that the defendant's negligence was a proximate cause of the damages. *Morehart v. Dillard Dep't Stores*, 322 Ark. 290, 908 S.W.2d

331 (1995). Therefore, to maintain a suit in tort contemplated by Arkansas Code Annotated section 11-9-105(b), a plaintiff must prove negligence on the part of the defendant.

■ Furthermore, subsection (b)(2) excepts three common-law defenses from those generally available to defendants in tort actions. The defendant-employer, in a suit brought pursuant to Arkansas Code Annotated section 11-9-105(b), is precluded from asserting fellow-servant negligence, assumption of the risk, and contributory negligence. Ark. Code Ann. § 11-9-105(b)(2). If the legislature had intended that liability under Arkansas Code Annotated section 11-9-105(b) be strict, then there would have been no need to except fellow-servant negligence, assumption of the risk, and contributory negligence from the available defenses. Under a strict-liability interpretation, all of subsection (b)(2) would be superfluous. Our principles of statutory interpretation do not allow this result. This court construes statutes so that no word is left void, superfluous, or insignificant. *Ryan & Co. AR, Inc. v. Weiss, supra.*

■ As Appellees point out, the essence of Arkansas Code Annotated section 11-9-105(b) is election of remedies. We have previously addressed the relationship between burden of proof and amount of recovery in workers' compensation cases:

> [T]he purpose of workers' compensation statutes was to change the common law by shifting the burden of all work-related injuries from individual employers and employees to the consuming public. In that effort the matter of fault . . . is ordinarily immaterial. Employers were compelled to give up the common-law defenses of contributory negligence, fellow servant, and assumption of risk. Employees were compelled to give up the chance of recovering unlimited damages in fault-related cases in return for a certain recovery in *all* work-related cases.

*Simmons First Nat'l Bank v. Thompson,* 285 Ark. 275, 278-79, 686 S.W.2d 415, 417 (1985). In other words, workers' compensation offers certain but limited recovery, while tort law offers unlimited recovery that is nonetheless uncertain, because the plaintiff must prove fault. We conclude that the legislature, in enacting Arkansas Code Annotated section 11-9-105(b), could not have intended that an injured employee be able to choose between certain but limited recovery under workers' compensation, and certain and unlimited

recovery in a tort suit wherein he or she is not required to establish negligence. The option of guaranteed recovery in tort would not be sensible, and an interpretation that is not sensible offends our standards of statutory interpretation. *Ryan & Co. AR, Inc. v. Weiss, supra.* As we stated in *Simmons First,* "[t]he plaintiffs here are attempting to return to the common-law system based on fault, when it is to their advantage to do so, but at the same time to retain the assured benefits of workers' compensation regardless of fault. The invalidity of their position is too plain to require further discussion." *Simmons First Nat'l Bank v. Thompson,* 285 Ark. at 279, 686 S.W.2d at 417-18.

We find no merit in Sykes's argument that the statute deprives employers of all defenses as a penalty for their failure to secure workers' compensation coverage for their employees. We have no doubt that the statute was intended to penalize employers; however, it does not do so by eliminating all otherwise available defenses. Instead, employers subject to Arkansas Code Annotated section 11-9-105(b) lose the exclusivity of the remedy. Section 11-9-105(a) guarantees that the "rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee." Ark. Code Ann. § 11-9-105(a) (Repl. 2002). Subsection (b) provides the exception, and thus the penalty, for employers who fail to secure the payment of compensation. *Id.* § 11-9-105(b). Employers are penalized further in that they are subject to the possibility of unlimited recovery if sued in tort. Moreover, an injured employee's chances of success in a tort action are enhanced by the fact that the employer is precluded from asserting the affirmative defenses of fellow-servant negligence, assumption of the risk, and contributory negligence. *Id.* § 11-9-105(b)(2). Section 105(b) penalizes employers without subjecting them to strict liability.

We note that a majority of jurisdictions addressing the question under statutes similar to Arkansas Code Annotated section 11-9-105(b) have concluded that the alternative remedy of a tort action does not operate on a theory of strict liability. In a case arising out of South Dakota, the defendant-employer, who had elected not to comply with South Dakota's workers' compensation law, was subject to an action for damages for the injury or death of an employee resulting from negligence attributable to it. *Hossack v. Metzger,* 156 F.2d 501 (8th Cir. 1946). The Eighth Circuit Court of Appeals noted that, in such an action, "the

burden is upon the plaintiff employee to prove that the negligence of his employer or of one for whose negligence the employer is legally responsible was the proximate cause of his injury." *Id.* at 503; *see also Bath Mills v. Odom,* 168 F.2d 38 (4th Cir. 1948); *Shoaf v. Fitzpatrick,* 104 F.2d 290 (6th Cir. 1939). Most states, including the District of Columbia, subscribe to the rule that the injured employee bears the burden of proving negligence on the part of the employer.[1] Other states provide a presumption of negligence, or prima facie evidence of negligence by virtue of the employee's injury, which the employer bears the burden of rebutting.[2] Only one state does not require a showing of negligence in a tort action brought under the statute allowing for an alternative remedy for injured employees of employers who fail to comply with workers' compensation requirements. *See Thorson v. Mandell,* 525 N.E.2d 375 (Mass. 1988). Thus, our court joins the vast majority of courts in rejecting recovery based on a theory of strict liability when an injured employee elects to pursue the alternative remedy of a tort action against the employer who failed to secure workers' compensation coverage.

## II. Sykes's Burden of Proof

■ For his second point on appeal, Sykes argues alternatively that, even if liability in a tort action under Arkansas Code Annotated section 11-9-105(b) is not strict, he has established Appellees' negligence by a showing that they failed to maintain workers' compensation insurance coverage. Sykes cites case law for the proposition that the failure of a defendant to perform a duty imposed upon him or her by statute is evidence of negligence on his or her part. *Mays v. Ritchie Grocer Co.,* 177 Ark. 35, 5 S.W.2d 728 (1928). However, the same authority also stands for the rule

---

[1] *See Ehredt v. Dehavilland Aircraft Co. of Can., Ltd.,* 705 P.2d 913 (Alaska 1985); *Hammels v. Britten,* 85 P.2d 992 (Ariz. 1939); *Garcia v. De Leon,* 59 A.2d 637 (D.C. 1948); *Fitch v. Mayer,* 258 S.W.2d 923 (Ky. Ct. App. 1953); *Brown v. Standard Oil Co.,* 14 N.W.2d 797 (Mich. 1944); *Morgan v. Robacker,* 151 N.Y.S.2d 836 (N.Y. App. Div. 1956); *Muldrow v. Weinstein,* 68 S.E.2d 249 (N.C. 1951); *Workman v. Anderson Music Co.,* 149 P.3d 1060 (Okla. Civ. App. 2006); *McGinniss v. Brown,* 204 S.W.2d 334 (Tenn. Ct. App. 1947); *Sears, Roebuck & Co. v. Robinson,* 280 S.W.2d 238 (Tex. 1955); *Bates v. Sirk,* 230 S.E.2d 738 (W.Va. 1976).

[2] *See Hall v. Burton,* 19 Cal. Rptr. 797 (Cal. Dist. Ct. App. 1962); *Stroup v. Reno,* 530 N.W.2d 441 (Iowa 1995); *Sheppick v. Albertson's, Inc.,* 922 P.2d 769 (Utah 1996).

that "such negligent conduct, in the absence of evidence showing it to have been the proximate cause of the injury complained of, furnishes no legal ground of complaint." *Id.* at 35, 5 S.W.2d at 729. Appellees' noncompliance with Arkansas Code Annotated section 11-9-404 (Supp. 2007), in failing to secure the payment of compensation, may have been negligent. Yet, without a showing that such negligence was the proximate cause of Sykes's injuries, there can be no recovery of damages.

The burden rests upon the plaintiff to show by a preponderance of the evidence that his or her injuries were caused by some negligent act or omission of the defendant. *Mangrum v. Pigue*, 359 Ark. 373, 198 S.W.3d 496 (2004). Juries are not permitted to guess or to speculate as to the proximate cause of an alleged injury. *Id.* We have said that proximate cause is that cause which, "in a natural and continuous sequence, produces damage." *Sluder v. Steak & Ale of Little Rock, Inc.*, 361 Ark. 267, 275, 206 S.W.3d 213, 218 (2005). It simply cannot be said here that Appellees' failure to maintain insurance coverage produced Sykes's back injury.

Sykes insists that Appellees' failure to maintain insurance coverage produced his economic injury, in that it caused him to incur medical bills that otherwise would have been covered by insurance. However, this argument is not properly preserved for our review, as it was not raised below. It is elementary that our court will not consider arguments made by an appellant for the first time on appeal. *Hackelton v. Malloy*, 364 Ark. 469, 221 S.W.3d 353 (2006). We will not do so because it is incumbent on the parties to raise arguments initially to the trial court to give that court an opportunity to consider them. *Id.* Otherwise, this court would be placed in the position of reversing a trial court for reasons never presented to that court. *Id.*

### III. *Baxter as Prime Contractor*

Finally, Sykes alleges that Baxter is a prime contractor for purposes of Arkansas Code Annotated section 11-9-402(a) (Supp. 2007), which provides: "Where a subcontractor fails to secure compensation required by this chapter, the prime contractor shall be liable for compensation to the employees of the subcontractor unless there is an intermediate subcontractor who

has workers' compensation coverage."[3] The circuit court found this argument to be moot, and we affirm that ruling.

A finding that Baxter qualified as a prime contractor for purposes of Arkansas Code Annotated section 11-9-402(a) would afford Sykes no relief at this stage, as he has elected to sue in tort. Section 402(a), which makes a prime contractor liable for compensation to employees of subcontractors who fail to secure compensation, is a workers' compensation statute that governs claims filed with the Arkansas Workers' Compensation Commission. Therefore, the argument is moot.

Affirmed.

---

[3] Prior to the 2005 amendment, the statute read: "Where a subcontractor fails to secure compensation required by this chapter, the prime contractor shall be liable for compensation to the employees of the subcontractor." Ark. Code Ann. § 11-9-402(a) (Repl. 2002).