2010 Ark. App. 78

**Sharon CARTER, Appellant**

v.

**Sandy CRAWFORD, Appellee.**

No. CA 09–380.

Court of Appeals of Arkansas.

Jan. 27, 2010.

Rachel A. Runnels, Eureka Springs, for appellant.

Parker Law Firm, Ltd., Eureka Springs, by: Tim S. Parker, for appellee.

JOSEPHINE LINKER HART, Judge.

Sharon Carter appeals from an order of the Carroll County Circuit Court dismissing her appeal of a district court judgment, based on a finding that she had voluntarily satisfied the judgment. On appeal, she argues that the circuit court erred in determining that her deposit of funds into the registry of the district court constituted a voluntary payment of the judgment. We hold that this case could not properly be disposed of by summary judgment and reverse and remand.

Most of the key facts are not disputed. On September 15, 2006, appellee Sandy Crawford won a $2075 judgment against Carter on a conversion claim that she had pursued in Eureka Springs District Court. That same day, Carter deposited a check for $2075 into the district court registry. The receipt she received bore the notation "For Judgement." The judgment was filed for record on October 3, 2006. Carter subsequently perfected her appeal to the Carroll County Circuit Court by timely filing a certified copy of the docket sheet, as required by District Court Rule 9.

Two years elapsed. After Carter received notice from Carroll County Circuit Court that her case was going to be dismissed for staleness, she resisted. However, Crawford subsequently moved to dismiss Carter's case, alleging that Carter's payment to the registry of the Eureka Springs District Court constituted a voluntary satisfaction of the judgment, which waived her right to appeal. Crawford attached an affidavit from Eureka Springs District Court Clerk Linda Wishon attesting to the fact that Carter tendered a check in the amount of the judgment on September 15, 2006, and a copy of the receipt-book page showing the receipt that

Carter had been given. Carter responded, denying that she had voluntarily satisfied the judgment. Attached to her response was her own affidavit, which stated that the check she tendered was made out to the district court, not to Crawford, and that she was told by the district court judge that she was required to make this payment as "a prerequisite for filing the appeal."

At the hearing on the motion, the trial judge considered matters outside of the pleadings, which converted the motion to dismiss into a motion for summary judgment. Ark. R. Civ. P. 12(b)(6) (2009); *Hanks v. Sneed*, 366 Ark. 371, 235 S.W.3d 883 (2006). At the hearing, Carter argued that the payment to the district court was not a satisfaction of the judgment; rather, it was "a nullity, surplusage, something that was done at the direction of the Court." She never contended that the check was an attempt to file a supersedeas bond. The trial court dismissed Carter's appeal, and she timely filed a notice of appeal.

Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Sykes v. Williams*, 373 Ark. 236, 239–40, 283 S.W.3d 209, 213 (2008). After reviewing undisputed facts, summary judgment should be denied if, under the evidence, reasonable minds might reach different conclusions from those undisputed facts. *Id.* On appeal, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material question of fact unanswered. *Id.* This court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and

inferences against the moving party. *Id.* Our review is not limited to the pleadings, as we also focus on the affidavits and other documents filed by the parties. *Id.*

■ We note that it was never disputed at any stage of the proceedings that if Carter had voluntarily satisfied the judgment, her case would be moot. Accordingly, Carter asserts two reasons why the circuit court erred in determining that her deposit of funds into the registry of the district court constituted a voluntary payment of the judgment. First, she argues that depositing the check was the equivalent of posting a supersedes bond, and to hold otherwise would be "exalting form over substance." We must reject this argument because, as noted previously, Carter did not make this argument to the trial court and obtain a ruling, and it is not the practice of Arkansas appellate courts to address arguments raised for the first time on appeal. *Beverly Enters.-Ark., Inc. v. Thomas,* 370 Ark. 310, 316, 259 S.W.3d 445, 449 (2007). However, her second argument for reversal stands on a different footing.

■ For her second point, Carter asserts that her payment was not voluntary because it was made at the direction of the district court judge. This assertion was memorialized in the affidavit that she attached to her answer to Crawford's summary judgment motion and was duly argued to the trial judge. We hold that this contention raises an issue of material fact on voluntariness. *Sykes, supra.*

Whether Carter's payment was voluntary is therefore not susceptible to being disposed of by summary judgment.

Reversed and remanded.

VAUGHT, C.J., and KINARD, MARSHALL, and HENRY, JJ., agree.

PITTMAN, GLADWIN, ROBBINS, and GLOVER, JJ., dissent.

DAVID M. GLOVER, Judge, dissenting.

The majority rejects appellant's first argument, that her payment was the equivalent of posting a supersedeas bond, because it is raised for the first time on appeal, and therefore not properly preserved. I agree. However, I respectfully dissent from the majority's conclusion that appellant's second argument provides a basis for reversal because I do not think it was properly preserved for our review either.

At the hearing on appellee's motion to dismiss in circuit court, the following colloquy occurred:

[APPELLANT'S COUNSEL]: My case is decided by the supreme court in 2006. It says the only thing that is needed to perfect an appeal is to have the record filed.

THE COURT: Well that's not really the issue. The issue is, what is the nature of the money paid to the district court? The defendant is contending that it was satisfaction of the judgment. The plaintiff is contending that it was what?

[APPELLANT'S COUNSEL]: *A nullity, surplusage. Something that was done at the direction of the court.*

THE COURT: *I find no evidence in the file or in the district court docket sheets that required her to do anything, other than have a judgment against her. I find no bond in the file.*

[APPELLANT'S COUNSEL]: None is required, Your Honor.

[APPELLEE'S COUNSEL]: Precisely.

THE COURT: If there's no bond in the file, there's no supersedeas bond, then the court has to treat money paid to the court as satisfaction of the judgment. The motion to dismiss is sustained.

(Emphasis added.) This colloquy represents the sum and substance of appellant's argument to the circuit court. District Court Rule 9 governs an appeal from district court to circuit court, and, as acknowledged by both parties before the circuit court in the above colloquy, the filing of a bond is not a necessary prerequisite for appealing a district court's decision to circuit court.

In its own order, the circuit court concluded "that by tendering funds in the amount of the judgment in district court, Sharon Carter voluntarily satisfied the judgment obtained therein against her, thereby barring her right to appeal the judgment." The circuit court then granted appellee's motion to dismiss and remanded the case to the district court for distribution of the money held in the court's registry.

The circuit court dismissed the case based on its conclusion that appellant voluntarily paid the judgment, rendering the issues in that court moot. In *Lytle v. Citizens Bank of Batesville*, 4 Ark. App. 294, 296–98, 630 S.W.2d 546, 547 (1982), we explained:

Some jurisdictions hold that the payment of a judgment under any circumstances bars the payer's right to appeal. However, in the majority of jurisdictions, the effect of the payment of a judgment upon the right of appeal by the payer is determined by whether the payment was voluntary or involuntary. In other words, if the payment was voluntary, then the case is moot, but if the payment was involuntary, the appeal is not precluded. The question which often arises under this rule is what constitutes an involuntary payment of a judgment. For instance, in some jurisdictions the courts have held that a payment is involuntary if it is made under threat of execution or garnishment.

There are other jurisdictions, however, which adhere to the rule that a payment is involuntary only if it is made after the issuance of an execution or garnishment. Another variation of this majority rule is a requirement that if, as a matter of right, the payer could have posted a supersedeas bond, he must show that he was unable to post such a bond, or his payment of the judgment is deemed voluntary. For a discussion of the various rules, along with citations to the various jurisdictions, see: Defeated Party's Payment or Satisfaction of, or Other Compliance With, Civil Judgment as Barring His Right to Appeal, Annot. 39 A.L.R.2d 153 (1955); 4 Am.Jur.2d *Appeal and Error*, 260 at 755 (1962); *Metropolitan Development and Housing Agency v. Hill*, 518 S.W.2d 754 (Tenn.App.1974).

We adopt the majority rule as the better reasoned rule. Thus, if appellant's payment was voluntary, then the case is moot, but if the payment was involuntary, this appeal is not precluded. In applying this rule to the facts at bar, we must determine whether the payment made by appellant was voluntary or involuntary. *In doing so, we believe that one of the most important factors to be considered is whether appellant was able to post a supersedeas bond at the time he satisfied the judgment.* The record supports the conclusion that he could have done so.

There is nothing in the record which shows appellant even requested the court to set the amount of a supersedeas bond, much less to show his financial inability to pay such cost. Obviously, appellant had the financial ability and resources to borrow $13,364 so he could satisfy the judgment in full. There is no evidence to indicate the posting of a supersedeas bond would have been a greater or lesser financial burden on

appellant than his full payment of the obligation imposed under the judgment. For whatever reasons, appellant simply chose to forego his right to request a bond in an effort to stay the trial court's judgment and any subsequent proceedings to enforce it.

(Emphasis added.)

As her second argument to our court, appellant contends that the circuit court erred in ruling that her payment into the district court's registry was a voluntary payment of the judgment because she alleges that she made this payment at the direction of the district-court judge as a prerequisite for prosecuting her appeal to circuit court. She now contends in her brief that when she "made the deposit into the registry of the court every person involved (she, Ms. Crawford, the district court judge, and the district court clerk) knew she was doing so only so she could prosecute her appeal to circuit court, not to pay the judgment." She then discusses our court's adoption of the majority rule in *Lytle, supra,* and concludes her argument as follows:

Looking to the *undisputed* facts in the record it is clear that there was never any intent that the payment into the registry of the court be a satisfaction of the judgment. In fact, the money was held in the registry and not paid to Ms. Crawford. While Ms. Carter may not have realized the district court judge did not know the law concerning what was required in order to prosecute an appeal to the circuit court, her own similar ignorance of the intricacies of our procedural rules should not support a finding that her intent to stay the operation of the judgment by the deposit of funds with the clerk can be converted into an intent to satisfy the judgment and forego her appeal.

(Emphasis in original.) I dissent from the majority's reversal on this argument.

In granting appellee's motion to dismiss, the circuit court considered items outside the pleadings, including appellant's affidavit; therefore, we are treating the dismissal as a summary judgment. *Kyzar v. City of W. Memphis,* 360 Ark. 454, 201 S.W.3d 923 (2005); Ark. R. Civ. P. 12(b). On appeal, in reviewing this summary judgment, I accept as undisputed fact appellant's assertion in her affidavit that "I was told by the district court judge to do this [*i.e.,* post the full amount of the judgment to be paid into the registry of the court]." Paragraph 4 of appellant's affidavit, however, explains:

This payment was made with the intent of being a prerequisite for filing the appeal, and not with the intent of satisfying the judgment to foreclose the appeal.

What she did not assert in this paragraph was that the district court told her that she had to make the payment as a prerequisite for filing the appeal; and as previously set forth, no such argument was made to the circuit court during the hearing on the motion to dismiss—in fact, it was acknowledged by both parties that a bond was not a necessary prerequisite for appeal to circuit court.

Thus, the undisputed fact that was actually before the circuit court was that the district-court judge told appellant to post the full amount of the judgment to be paid into the registry of the court. In my opinion, this undisputed assertion, taken as fact, does not justify reversal of this case. Appellant did not fully develop any arguments with respect to how this fact rendered her payment involuntary. During the colloquy with the circuit court, responding to the circuit court's specific question concerning appellant's position regarding the nature of the money paid to

the district court, appellant's counsel said, "A nullity, surplusage. Something that was done at the direction of the court." Appellant gave no indication to the circuit court that she considered the district court's directive to be compulsory. To be sure, appellant acknowledged both in paragraph three of her Answer to the Motion to Dismiss and in her colloquy with the circuit court that District Court Rule 9 does not require a party to post an appeal bond or a supersedeas bond for the circuit court to acquire jurisdiction of an appeal.

Consequently, contrary to the basis upon which the majority opinion reverses the circuit court's decision, appellant's affidavit does not raise an issue of material fact because, even |₉accepting her assertion as true, appellant does not present a convincing argument, either before the trial court or our court on appeal, why the district court's alleged statement requires reversal. In short, appellant did not explain below, or in this appeal, how, even if the district court told her to make such a payment, the instruction rendered her payment involuntary. Where an argument is not fully developed at the trial level or on appeal, it is not preserved for our review. *Finley v. Farm Cat, Inc.*, 103 Ark. App. 292, 288 S.W.3d 685 (2008).

I am authorized to state that Judge PITTMAN, Judge GLADWIN, and Judge ROBBINS join in this dissent.