

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-16-32

| | |
|---|---|
| JASON HARRIS<br>APPELLANT<br><br>V.<br><br>NORMAN BETH<br>APPELLEE | Opinion Delivered March 29, 2017<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT<br>[NO. 63CV-2015-59-2]<br><br>HONORABLE GARY ARNOLD, JUDGE<br><br>AFFIRMED |

### BRANDON J. HARRISON, Judge

Jason Harris appeals the Saline County Circuit Court's denial of his motion for summary judgment.[1]  He argues that the circuit court erred in finding that he was not entitled to immunity pursuant to Ark. Code Ann. § 21-9-301 (Supp. 2015).  We affirm the circuit court.

Harris is an officer with the Little Rock Police Department K-9 Unit and was assigned a canine officer named Ammo in October 2012.  As part of his duties, Harris was required to house Ammo at his private residence in Saline County, and he and Ammo were required to be available on a twenty-four-hour, on-call basis to assist other officers as needed.  In August 2014, Norman Beth, Harris's neighbor, was doing yard work at his

---

[1]This case was originally filed in the court of appeals, but the supreme court assumed jurisdiction in March 2016. The case was fully briefed by early June 2016, but the supreme court took no action on the case and transferred it back to this court in February 2017.

home when he was bitten on the leg by Ammo, who had escaped from Harris's backyard. Harris was not home at the time of the incident.

In January 2015, Beth filed a complaint against Harris alleging negligence and strict liability for housing an animal known to have dangerous tendencies. Beth sought compensatory and punitive damages for the injuries to his leg. Harris responded by denying the allegations in their entirety and by affirmatively pleading qualified immunity.

In June 2015, Harris moved for summary judgment, arguing that there were no genuine issues of material fact and that he was entitled to immunity pursuant to Ark. Code Ann. § 21-9-301(a):

> It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, public charter schools, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.

Harris argued that this immunity is extended to a municipality's employees for acts of negligence committed in their offical capacities and that he was acting in his official capacity for the Little Rock Police Department by maintaining Ammo at his residence and remaining on call twenty-four hours a day. In support, he cited *Autry v. Lawrence*, 286 Ark. 501, 696 S.W.2d 315 (1985), which confirmed that Ark. Stat. Ann. § 12-2901 (now codified as Ark. Code Ann. § 21-9-301) immunized city employees when they were accused of negligence in the performance of their official duties.

In response, Beth argued that § 21-9-301 was inapplicable because Harris was not acting in his official capacity when the incident occurred. Beth asserted that he had never alleged Harris was liable in his official capacity, but even if he had, Harris's home was

SLIP OPINION

covered by a homeowner's insurance policy, which Beth attached as an exhibit. So Harris would be immune from liability only "to the extent that [he] may be covered by liability insurance." Harris replied that "the issue of insurance is not that provided to Defendant Harris in his individual capacity but that provided to him through the City of Little Rock in his official capacity," so the homeowner's policy was irrelevant.

The circuit court held a summary-judgment hearing in October 2015, during which Harris continued to argue that one of his ongoing job duties was to care for and secure the dog on his property, so he was acting in his official capacity. He also reasserted that the insurance coverage to which the statute refers is the insurance coverage on the municipality and stated, "So in this particular case, obviously the City of Little Rock is not participating here. There's no insurance coverage exception for this particular instance." Beth responded that it was not the intent of the statute to give blanket immunity to municipal employees for their negligence. He also denied that Harris was acting within the course and scope of his employment and that a factual question existed as to whether Harris had actually secured Ammo in his kennel that day. Instead, Harris was sued "as a private individual for having an inherently dangerous animal on his property, an attack dog, and not having it secured and allowing it to get out and attack neighbors. . . . [T]he fact that he is an employee of the Little Rock Police Department doesn't change the fact."

In its oral ruling, the circuit court found that this was a question of law and that Harris's argument was compelling. Nonetheless, the court ruled that the statute did not provide immunity in this case, because if it did, "there is absolutely in my mind no way that the Defendant could be liable for whatever that dog did anytime, anywhere. I can't believe

that's what the statutes were intended to do and, therefore, the Motion for Summary Judgment is denied." In its written order denying summary judgment, the court found that "the defendant is not entitled to immunity, [and] that Ark. Code Ann. [§] 21-9-301 and the holding in *Autry v. Lawrence*, 286 Ark. 501, 696 S.W.2d 315 (1985) do not apply." Harris timely appealed.[2]

Summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Sykes v. Williams*, 373 Ark. 236, 239–40, 283 S.W.3d 209, 213 (2008). Once a moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* After reviewing undisputed facts, summary judgment should be denied if, under the evidence, reasonable minds might reach different conclusions from those undisputed facts. *Id.* On appeal, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material question of fact unanswered. *Id.* This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* In reviewing questions of law, appellate review is de novo. *Hobbs v. Jones*, 2012 Ark. 293, 412 S.W.3d 844.

---

[2]As a general rule, the denial of a motion for summary judgment is neither reviewable nor appealable. *Ark. Elder Outreach of Little Rock, Inc. v. Thompson*, 2012 Ark. App. 681, 425 S.W.3d 779. The general rule does not apply, however, where the refusal to grant a summary-judgment motion has the effect of determining that the appellant is not entitled to its defense of immunity from suit, because the right of immunity from suit is effectively lost if a case is permitted to go to trial. *Id.* This case is therefore appealable.

SLIP OPINION

The same arguments that the circuit court heard are made again on appeal. Harris says again that the circuit court erred in finding that he was not acting in his official capacity and denying him immunity because "[w]hen it comes to activities involving Ammo, Officer Harris is an extension of LRPD or the City of Little Rock and should be afforded the immunity set forth to protect the City of Little Rock." In support, he cites *Eshleman v. Key*, 774 S.E.2d 96 (Ga. 2015), in which the Georgia Supreme Court, in a similar fact situation, reversed the denial of summary judgment on immunity grounds and stated:

> As a DeKalb County Police officer and dog handler, Eshleman is responsible for the care and maintenance of Andor at all times, even when she is not working. For this reason, the allegation that Eshleman failed to secure the dog outside her home concerns her performance of an official function, and Eshleman presumptively is entitled to official immunity.

*Id.* at 98. Beth again argues that the circuit court did not err in denying summary judgment because (1) Harris's negligence in securing the dog did not occur within the course and scope of his employment, so § 21-9-301 does not apply, and (2) Harris carries applicable insurance that may cover these claims.

We affirm the circuit court's decision because Harris failed to establish a prima facie entitlement to summary judgment. Section 21-9-301 provides immunity to municipal employees for acts committed during the performance of their official duties except to the extent there is liability coverage. In *Vent v. Johnson*, our supreme court made clear that the defendant had to plead and prove an absence of liability coverage to be entitled to the immunity afforded by the statute. 2009 Ark. 92, at 14, 303 S.W.3d 46, 53. The same black-letter principle was recently applied again in *City of Little Rock v. Yang*, 2017 Ark. 18, ___ S.W.3d ___. Like *Vent* and *Yang*, Harris failed to plead and prove that the city lacks

liability coverage.  This fact is reason enough to affirm the circuit court's denial of summary judgment.

Affirmed.

GLADWIN and MURPHY, JJ., agree.

*Matthews, Sanders & Sayes*, by: *Mel Sayes*, for appellant.

*The Brad Hendricks Law Firm*, by: *Mattheew E. Hartness*; and *Robert S. Tschiemer*, for appellee.