C.D. NOLAN *v.*
Darryl LITTLE, Director, State Plant Board

03-1115                                          196 S.W.3d 1

Supreme Court of Arkansas
Opinion delivered October 14, 2004

[Rehearing denied December 2, 2004.]

*Nolan & Henry, PLLC*, by: *Mark Murphey Henry*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Eric F. Walker*, Ass't Att'y Gen., for appellee.

BETTY C. DICKEY, Chief Justice. This case involves whether seed samples are public records under the Arkansas Freedom of Information Act (hereinafter "FOIA"). The Pulaski County Circuit Court, Honorable Jay Moody presiding, found that the actual physical seeds that were the subject of the FOIA request did not fall under the terms and definition of "public records," as defined by Ark. Code Ann. § 25-19-103 (5)(A) (Supp. 2003). We affirm.

On July 15, 2003, C.D. "Duff" Nolan filed a complaint against Darryl Little, Director of the Arkansas State Plant Board, alleging Little failed to comply with the Arkansas FOIA by denying his request for various seed samples. Little denied the request, contending that the seeds were not public records and thus not subject to FOIA.

Duff Nolan testified that he was an agriculture lawyer involved with a number of seed companies who have created and developed useful varieties of seed on which they expect to receive royalties. These companies attempt to eliminate illegal reproduction and illegal sale of an inventor and owner's property rights in germ plasm, which relates to genetic codes. Nolan said that during the last few years seeds are being reproduced and sold illegally, and one way of investigating this illegal trade is through the Arkansas State Plant Board. The State Plant Board receives seeds from different seed dealers and different farmers, submitted as seed samples, as opposed to regulatory samples. The Board performs germination tests or a vigor test, then identifies and stores the samples.

Nolan wanted to know if the Alice-Sidney Dryer and Seed Company of Dermott had submitted wheat samples to the State Plant Board. According to Nolan, Alice-Sidney Dryer asked the

Plant Board to provide a germination test on certain seeds, because that test is required in order to sell the seed. On June 20, 2003, Nolan made a FOIA request to the Board for the disclosure of representative seed samples, 100 grams of both regulatory and service samples, submitted by Alice-Sidney Dryer and maintained in the State Plant Board's files. The State Plant Board responded that the seed itself was not a public record, and therefore not subject to FOIA.

Aaron Palmer, a State Plant Board seed lab manager, testified to the testing procedure explaining that, "if a customer sends in a sample for germination and they later request a purity test, if some of the seed has been removed, then we have less than the amount of weight that we need to go through that sample and create an analysis. So, they're going to have to resample, if the sample is even available." He also testified that the resulting data is subsequently compiled into analysis reports and those reports are turned over for FOIA.

Darryl Little said that, in responding to FOIA requests, he had previously given Nolan copies of records, but has "never considered the seeds to be a record because they are a sample. It's not a compilation of information or data that our agency puts together. It's merely the physical sample that we use to compile the data." If these seeds were given out under FOIA, it "would deplete the file sample to a point where we wouldn't be able to not only service the farmer or the farm community here in Arkansas, but may jeopardize our ability to meet federal requirements with regards to interstate shipments of seed. This would be because we might run out of seeds."

On appeal, Nolan first argues that a "public record," as defined by FOIA, includes seed samples. Ark. Code Ann. § 25-19-103 (5)(A) defines a public record as follows:

> "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium required by law to be kept or otherwise kept and that constitute a record of the performance or lack of performance of official functions that are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.

Furthermore, the term "medium" is defined as "the physical form or material on which records and information may be stored or represented and may include, but is not limited to, paper, microfilm, microform, computer disks and diskettes, optical disks, and magnetic tapes." Ark. Code Ann. § 25-19-103 (3) (Supp. 2003).

Nolan contends that a "public record" includes data as contained within "any medium," to include seed samples and the genetic information contained therein. Nolan also argues that the canons of statutory interpretation require "any medium" to be given plain meaning and effect, and that a broad definition of "public record" be applied.

■■ This court reviews issues of statutory construction *de novo*, as it is for this court to decide what a statute means; thus, we are not bound by the circuit court's determination in that regard. *Cockrell v. Union Planters Bank,* 359 Ark. 8, 194 S.W.3d. 178 (2004); *Hartford Fire Ins. Co. v. Sauer,* 358 Ark. 89, 186 S.W.3d 229 (2004). The basic rule of statutory construction is to give effect to the intent of the General Assembly. *Id.* In determining the meaning of a statute, the first rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* This court construes the statute so that no word is left void, superfluous, or insignificant, and meaning and effect are given to every word in the statute if possible. *Id.* When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to resort to rules of statutory construction. *Id.* However, this court will not give statutes a literal interpretation if it leads to absurd consequences that are contrary to legislative intent. *Id.* This court will accept a circuit court's interpretation of the law unless it is shown that the court's interpretation was in error. *Id.; Barclay v. First Paris Holding Co.,* 344 Ark. 711, 42 S.W.3d 496 (2001). This court takes pain to reconcile statutory provisions to make them consistent, harmonious, and sensible. *Id.*

■ A seed sample does not meet the definition of a "public record," because it cannot be said to be an object "on which records and information may be stored or represented." Although the list of items that can be mediums is not exhaustive, it does not contain a seed or any other organic object. Moreover, the various items that constitute a "public record" are writings, recorded sounds, films, tapes, electronic or computer-based information,

and data compilations in any medium. "Mediums" are paper, microfilm, microform, computer disks and diskettes, optical disks, and magnetic tapes. Giving the words of the statute their plain and ordinary meaning as required by the rules of statutory construction, a seed sample does not constitute a "public record," nor does it fall within the definition of a medium. Our interpretation is consistent with the provisions of the entire Act, which provides for all public records to be open to "inspection and copying" by any citizen. Ark. Code Ann. § 25-19-105(a)(1). Removal and destructive testing of seed samples go far beyond the inspection and copying of public records.

In each of the cases cited by Nolan, the items at issue were books, writings, paperwork, paper reports, logs, photographs, memorandums, and notes, and the cases in no way indicate that an organic object is subject to a FOIA request. Although courts have ruled that FOIA requests be interpreted broadly, it is not so broad as to include any item located within the doors of a state agency that may contain some kind of genetic information. Here, the actual physical seed sample that the State Plant Board uses to compile data is not a "public record." Only the documents relating to the testing of a seed sample are available under FOIA.

Since this court holds that the actual seed sample is not a public record, we need not address Nolan's argument that all "public records" not specifically exempt by statute are subject to public inspection under Ark. Code Ann. § 25-19-105(a)(1)(A) (Supp. 2003).

For his second point on appeal, Nolan argues that the trial court failed to apply a "common sense" solution to this narrow issue. This court has said that we will balance the interests between disclosure and non-disclosure using a common sense approach. *Arkansas Department of Finance & Administration v. Pharmacy Association*, 333 Ark. 451, 970 S.W.2d 217 (1998). We agree that a common sense approach should be used, and that the trial court properly ruled that a seed is not a public record.

Nolan says that the unique nature of seed samples prompts a common sense solution when balancing the public interest with the State Plant Board's current policy of annually discarding seed samples. Nolan contends that when the State Plant Board discards

the seed samples the information is already in the public domain, and it should be disposed of in a manner that contemplates FOIA requests.

Since seed samples are not public records, the trial court need not have given special consideration to the unique nature of seed samples. However, testing the seed sample does destroy the seed, and if the State Plant Board had to turn over a sample in response to a FOIA request, the Board would lose the seed sample.

The State Plant Board does discard the seed after a period of time. Nolan cites to *California v. Greenwood,* 486 U.S. 35 (1988), where the United States Supreme Court held that household garbage is not subject to Fourth Amendment protection from warrantless search and seizure since "an expectation of privacy does not give rise to Fourth Amendment protection . . . unless society is prepared to accept that expectation as objectively reasonable." The Court went on to hold that there is no reasonable expectation of privacy in trashed items. Nolan suggests, then, that once the seeds are designated for destruction or are otherwise of no use to the State Plant Board, they should be made available.

In this case, at the time of the FOIA request, the seed sample is not garbage. They are stored by the State Plant Board for purposes of testing. The FOIA is not implicated in any of the Fourth Amendment cases cited by Nolan, nor is the Fourth Amendment implicated in the present case. Furthermore, FOIA only requires that the State Plant Board provide "public records" for inspection and copying, not for taking and destroying. Ark. Code Ann. § 25-19-105 (a)(1)(A).

Affirmed.