RYAN & COMPANY AR, INC. *v.* Richard WEISS, Director, Department of Finance and Administration

06-1266 263 S.W.3d 489

Supreme Court of Arkansas
Opinion delivered September 27, 2007

*Dover Dixon Horne, PLLC,* by: *Michael O. Parker* and *Nona M. Robinson,* for appellant.

*Martha G. Hunt* and *William E. Keadle,* Revenue Legal Counsel, for appellee.

Jim Hannah, Chief Justice. Ryan & Company AR, Inc., appeals a judgment of the Pulaski County Circuit Court

finding that legal opinions issued by the Arkansas Department of Finance and Administration under Gross Receipts Tax Rule G-75, 006-05-009 Ark. Code R. § GR-75 (B) (Weil 2007) are exempt from disclosure under the Arkansas Freedom of Information Act.[1] The circuit court concluded that the Rule GR-75 legal opinions were exempted from disclosure under the FOIA based on Ark. Code Ann. § 26-18-303(a)(2)(A) (Supp. 2005), and that redaction of some or all of the requested opinion letters would require a qualitative analysis for each document as opposed to a mechanical redaction, thus requiring the creation of a new record in violation of Ark. Code Ann. § 25-19-105(d)(3)(C) (Supp. 2005). We reverse the circuit court's decision and hold that the Rule GR-75 legal opinions are "otherwise kept" public records that must be disclosed under Ark. Code Ann. § 25-19-103(5)(A) (Supp. 2005) with any and all facts and information identifying any person or entity fully redacted.

*Facts*

On October 4, 2005, Ryan submitted a request under the FOIA for disclosure of certain "regulation GR-75 letter opinions" issued during 2004. Ryan asked only for redacted portions of the legal opinions so that no taxpayer would be identified. On October 7, 2005, DF&A rejected the request, alleging that the legal opinions were exempted and protected from disclosure. Ryan then filed a complaint for declaratory judgment in the circuit court. The circuit court found that the legal opinions were not subject to disclosure under the FOIA. Ryan appeals.

*Standard of Review*

We are asked to determine whether Ark. Code Ann. §§ 26-18-303(a)(2)(A) and 25-19-107(a) exempt the Rule GR-75 legal opinions from disclosure under the FOIA. We are also asked to interpret Ark. Code Ann. § 25-19-105(f)(1-3) (Supp. 2005). Therefore, our analysis is one of statutory interpretation. This court reviews issues of statutory construction de novo. *Nolan v. Little*, 359 Ark.161, 196 S.W.3d 1 (2004). It is for this court to decide what a statute means, and we are not bound by the circuit court's interpretation. *Id.* The basic rule of statutory construction is to give effect to the intent of the General Assembly. *Id.* In determining the meaning of a statute, the first rule is to construe it

---

[1] Ark. Code Ann. § 25-19-101 – 109 (Supp. 2005).

just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* This court construes the statute so that no word is left void, superfluous, or insignificant, and meaning and effect are given to every word in the statute if possible. *Id.* When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to resort to rules of statutory construction. *Id.* However, this court will not give statutes a literal interpretation if it leads to absurd consequences that are contrary to legislative intent. *Id.* This court will accept a circuit court's interpretation of the law unless it is shown that the court's interpretation was in error. *Id.* This court seeks to reconcile statutory provisions to make them consistent, harmonious, and sensible. *Id.*

### *Public Record*

We first address the question of whether the Rule GR-75 legal opinions are public records subject to the FOIA. Rule GR-75(A) provides that the "propriety of the taxation or exemption of a sale may be substantiated by having a legal opinion rendered" by DF&A. The seller to whom the legal opinion is addressed may then rely on the opinion for a period of three years. Rule GR-75(B).

The definition of a "public record" includes writings required by law to be kept or otherwise kept that constitute a record of official action by a governmental agency. Ark. Code Ann. § 25-19-103(5)(A). No statute requires that the Rule GR-75 legal opinions be kept as records; however, they are "otherwise kept" under the statute because DF&A maintains past Rule GR-75 legal opinions in its records. Thus, the Rule GR-75 legal opinions constitute a record of official action by a governmental agency that are "otherwise kept."[2] They are thus public records under the FOIA.

The FOIA provides that "any citizen of the State of Arkansas" shall have the right to inspect and copy all public records. Ark. Code Ann. § 25-19-105(a) (Supp. 2005). *See Bryant v. Weiss*, 335 Ark. 534, 983 S.W.2d 902 (1998). Exemptions to disclosure are provided in the FOIA or by other laws specifically enacted to

---

[2] Testimony at the hearing on this matter revealed that the Arkansas Department of Finance and Administration has created an information database that includes the Rule GR-75 legal opinions. They are indexed and searchable.

exempt a public record from disclosure. Ark. Code Ann. § 25-19-105(a); *Troutt Bros., Inc. v. Emison*, 311 Ark. 27, 841 S.W.2d 604 (1992). The records are presumptively open to the public; however, the circuit court concluded that the Rule GR-75 legal opinions were exempt from disclosure under the FOIA and other statutes.

*FOIA and Ark. Code Ann. § 25-19-105(d)(3)(C)*

■ DF&A objected to the request on several bases. One was that under Ark. Code Ann. § 25-19-105(d)(3)(C) (Supp. 2005), the "custodian is not required to compile information or create a record in response to a request made under this section." This section concerns making public records available for examination and copying. The Rule GR-75 legal opinions are addressed to specific taxpayers and provide answers to tax questions specific to that taxpayer. Ryan asserts it is requesting nothing that would violate the confidentiality of taxpayer information; however, it asserts that it is entitled to that portion of the legal opinions containing tax policy and interpretations of law. It further alleges that this information may be disclosed under the FOIA, which provides that any reasonably segregable portion of a public record shall be provided after deletion of exempt information. Ark. Code Ann. § 25-19-105(f)(1)-(3) provides:

> (f)(1) No request to inspect, copy, or obtain copies of public records shall be denied on the ground that information exempt from disclosure is commingled with nonexempt information.
>
> (2) Any reasonably segregable portion of a record shall be provided after deletion of the exempt information.
>
> (3) The amount of information deleted shall be indicated on the released portion of the record and, if technically feasible, at the place in the record where the deletion was made.

Considering the statute just as it reads, we conclude that under Ark. Code Ann. § 25-19-105(f)(1)-(3), the legal opinions can be disclosed once confidential information is redacted of any information that identifies a taxpayer or other individual or entity. That includes not only the name, address, and any other identifying information or numbers, such as taxpayer ID numbers, but also any facts that would reveal identity. DF&A is not obligated to compile or otherwise

manage the information sought; however, it is required to redact any and all identifying information of any form.

*Ark. Code Ann. § 26-18-303*

Ryan next argues that the circuit court erred in finding that under Ark. Code Ann. § 26-18-303, the legal opinions are confidential and privileged in total. Section 26-18-303(a) provides:

> (a)(1) The Director of the Department of Finance and Administration is the official custodian of all records and files required by any state tax law to be filed with the director and is required to take all steps necessary to maintain their confidentiality.

> (2)(A)(i) Except as otherwise provided by this chapter, the records and files of the director concerning the administration of any state tax law are confidential and privileged.

> (ii) These records and files and any information obtained from these records or files or from any examination or inspection of the premises or property of any taxpayer shall not be divulged or disclosed by the director or any other person who may have obtained these records and files.

> (B) It is the specific intent of this chapter that all tax returns, audit reports, and information pertaining to any tax returns, whether filed by individuals, corporations, partnerships, or fiduciaries, shall not be subject to the provisions of the Freedom of Information Act of 1967, § 25-19-101 et seq.

 DF&A relies upon subsection (a)(2)(A)(i), that "[e]xcept as otherwise provided by this chapter, the records and files of the director concerning the administration of any state tax law are confidential and privileged." DF&A asserts that this statute exempts the Rule GR-75 legal opinions from disclosure in any form; however, (a)(1) refers to "all records and files required by any state tax law to be filed with the director." Section (a)(1) would not cover the legal opinions because they are not required by any state law to be kept by or filed with the director. While under section 26-18-303(a)(1), the director is "required to take all steps necessary to maintain their confidentiality," this again is a reference to matters required by any state tax law to be filed with the director. The Rule GR-75 legal opinions do not meet this requirement.

Arkansas Code Annotated § 26-18-303(a)(2)(B) (Supp. 2005) provides: "It is the specific intent of this chapter that all tax returns, audit reports, and information pertaining to any tax returns, whether filed by individuals, corporations, partnerships, or fiduciaries, shall not be subject to the provisions of the Arkansas Freedom of Information Act." Further, section 26-18-303(c) provides that there is protection for taxpayer information:

> The provisions of this section shall be strictly interpreted and shall not permit any other disclosure of tax information concerning a taxpayer, whether the taxpayer is an individual, a corporation, a partnership, or a fiduciary, that is contained in the records and files of the director relating to income tax or any other state tax administered under this chapter.

However, the Rule GR-75 legal opinions are not required by state law to be filed with the director. While the taxpayer information is certainly protected as already discussed above, the legal opinions in total are not protected under section 26-18-303. Even assuming that section 26-18-303 applies to the Rule GR-75 legal opinions, any concern that might arise from the obligation to keep tax information confidential under subparagraph (c) would be satisfied by the redaction of any and all facts and information that might identify any person or entity referenced in the legal opinions.

### Administrative Procedure Act

 Ryan also argues that the Administrative Procedure Act, codified at Ark. Code Ann. §§ 25-15-201 to -217 (Repl. 2002 & Supp. 2005), provides for disclosure of the legal opinions. The APA "has two purposes, (1) to require certain designated State agencies to adopt and publish procedural rules, including methods whereby the public can make submissions or requests; and (2) to afford adjudication rights in matters over which the agencies have jurisdiction." *Harber v. Rhodes*, 248 Ark. 1188, 1191, 455 S.W.2d 926, 927 (1970). Requests for disclosure of public documents are handled under the FOIA. *See* Ark. Code Ann. § 25-19-105 (Supp. 2005). A request for disclosure of the Rule GR-75 legal opinions is a request for public records, not agency action subject to the APA.

*Constitutionality*

■ Ryan also alleges that DF&A's refusal to disclose the Rule GR-75 legal opinions violated its constitutional rights to equal protection and due process. The circuit court denied relief on these grounds. We have already held that the Rule GR-75 legal opinions are subject to disclosure after redaction, the relief that Ryan sought below. This renders this issue moot. We do not address moot issues. *Davis v. Williamson*, 359 Ark. 33, 194 S.W.3d 197 (2004).

Reversed.