FIRST ARKANSAS BAIL BONDS, INC. *v.*
STATE of Arkansas

07–386        284 S.W.3d 525

Supreme Court of Arkansas
Opinion delivered May 22, 2008

*J. Carl Bush*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

Jim Gunter, Justice. This appeal arises from an order of the Sebastian County Circuit Court forfeiting a $25,000 bond posted by Appellant First Arkansas Bail Bonds, Inc. ("First Arkansas")

to assure court attendance by criminal defendant Adiel Hernandez-Orellana ("Orellana"). We reverse the forfeiture judgment because the circuit court failed to strictly comply with Ark. Code Ann. § 16-84-207 (Repl. 2005) and remand for an order consistent with this opinion.

On October 7, 2005, First Arkansas posted a $25,000 bail bond for Orellana's release and to assure his attendance on pending charges. Orellana failed to appear at his hearing before the Sebastian County Circuit Court on April 6, 2006. On April 7, 2006, the circuit court entered an order to show cause which was served on First Arkansas on April 10, 2006. On November 3, 2006, the circuit court entered a Bond Forfeiture Summons, directing the circuit clerk to notify First Arkansas to appear on December 13, 2006, to show cause why the full amount of the bond should not be forfeited to Sebastian County.

At the December 13, 2006 hearing, First Arkansas argued that the circuit court violated Ark. Code Ann. § 16-84-207(b)(2)(B) by not immediately issuing a summons for the show-cause hearing upon Orellana's failure to appear. The circuit court ruled that First Arkansas was properly notified in April 2006 and entered an order forfeiting the $25,000 bond. On December 14, 2006, the circuit court filed its judgment against First Arkansas. First Arkansas now brings this appeal.

On appeal, First Arkansas asserts that the November 3, 2006 summons was not "immediately issued" as required by Ark. Code Ann. § 16-84-207(b)(2)(B). In response, the State contends that (1) First Arkansas has not preserved this argument for appeal; (2) in the alternative, the November 18, 2005 order to show cause was a summons pursuant to Ark. Code Ann. § 16-84-207(b)(2)(B); and (3) even if the order to show cause were not a summons, First Arkansas received immediate notice of Orellana's failure to appear, and the circuit court's letter setting and giving notice of the show-cause hearing actually favored First Arkansas.

We review issues of statutory construction de novo. *Sykes v. Williams,* 373 Ark. 236, 283 S.W.3d 209 (2008) (citing *Ryan & Co. AR, Inc. v. Weiss,* 371 Ark. 43, 263 S.W.3d 489 (2007)). It is for this court to decide what a statute means, and we are not bound by the circuit court's interpretation. *Id.* The basic rule of statutory construction is to give effect to the intent of the General Assembly. *Id.* In determining the meaning of a statute, the first rule is to construe it just as it reads, giving the words their ordinary and

usually accepted meaning in common language. *Id.* We construe the statute so that no word is left void, superfluous, or insignificant, and meaning and effect are given to every word in the statute if possible. *Id.* When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to resort to the rules of statutory construction. *Id.* We will accept a circuit court's interpretation of the law unless it is shown that the court's interpretation was in error. *Id.* Our court seeks to reconcile statutory provisions to make them consistent, harmonious, and sensible. *Id.* Statutory service requirements, being in derogation of common law rights, must be strictly construed and compliance with them must be exact. *Brennan v. Wadlow*, 372 Ark. 50, 270 S.W.3d 831 (2008); *Caruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996); *Dougherty v. Sullivan*, 318 Ark. 608, 887 S.W.2d 305 (1994). However, we will not give statutes a literal interpretation if it leads to absurd consequences that are contrary to legislative intent. *Sykes, supra.*

We will first address the issue of whether First Arkansas's argument is preserved for appeal. The State asserts that First Arkansas did not argue below that the order to show cause served on it immediately after Orellana failed to appear was insufficient to fulfill the requirements of the statute. Specifically, the State contends that First Arkansas merely argued that the summons was not issued until November 3, 2006. In reply, First Arkansas asserts that its argument is preserved because it clearly and specifically asserted the requirement in § 16-84-207(b)(2)(B) that the clerk "immediately issue a summons upon a failure to appear" at the December 13, 2006 hearing.

It is well settled that an appellant must raise and make an argument at trial in order to preserve it for appeal. *Strong v. State*, 372 Ark. 404, 271 S.W.3d 159 (2008) (citing *Raymond v. State*, 354 Ark. 157, 118 S.W.3d 567 (2003)). Here, contrary to the State's contention, First Arkansas is not arguing on appeal that the order to show cause was insufficient to fulfill the requirements of the statute, but rather, is arguing that the November 3, 2006 summons was not "immediate" pursuant to the statute. At the December 13, 2006 hearing, First Arkansas argued that "Arkansas Code 16-84-207(b)(2) – (b)(2)(B) — requires that the Clerk immediately issue a summon[s] upon a failure to appear" and further pointed out "that the failure to appear was April 6th of 2006, and summons was issued on or about November 3rd, 2006." Therefore, we hold that First Arkansas's argument is preserved for appeal.

In the alternative, the State asserts that First Arkansas's argument on appeal should fail because the order to show cause was a summons pursuant to the statute. Specifically, the State contends that, while the order to show cause did not specify a date, it did alert First Arkansas that it would be required to appear and show cause why the bond should not be forfeited if it did not produce Orellana within the time allotted. The State also contends that the fact that the order to show cause did not bear the title "Summons" is not a fatal defect because such a title is not required by § 16-84-207(b)(2)(B).

Section 16-84-207 states in pertinent part:

> (b)(1) If the defendant fails to appear at any time when the defendant's presence is required under subsection (a) of this section, the circuit court shall enter this fact by written order or docket entry, adjudge the bail bond of the defendant or the money deposited in lieu thereof to be forfeited, and issue a warrant for the arrest of the defendant.
>
> (2) The circuit clerk shall:
>
> (A) Notify the sheriff and each surety on the bail bond that the defendant should be surrendered to the sheriff as required by the terms of the bail bond; and
>
> (B) Immediately issue a summons on each surety on the bail bond requiring the surety to personally appear *on the date and time stated in the summons* to show cause why judgment should not be rendered for the sum specified in the bail bond on account of the forfeiture.

*Id.* (emphasis added). This statute clearly requires that the date and time of the show-cause hearing be stated in the summons. Here, there was no date or time specified in the order to show cause; therefore, the order to show cause was not a summons pursuant to § 16-84-207(b)(2)(B).

We next consider First Arkansas's argument that the November 3, 2006 summons did not meet the requirements of Ark. Code Ann. § 16-84-207(b)(2)(B) because it was not "immediately" issued. In response, the State contends that, because First Arkansas was given more than 120 days to find Orellana before the

hearing, First Arkansas was placed at an advantage by the process,[1] and applying the statute strictly in this case would create an absurd result.

■ Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant. *Brennan, supra.* Statutory service requirements, being in derogation of common law rights, must be strictly construed and compliance with them must be exact. *See id.; Caruth, supra; Dougherty, supra.* Section 16-84-207 clearly requires that the issuance of the summons be *immediate.* Here, the November 3, 2006 summons was issued nearly seven months after the circuit court entered its April 7, 2006 order to show cause. Construing § 16-84-207 just as it reads, and giving the words their ordinary and usually accepted meaning in the common language, *see Ryan, supra,* we hold that the November 3, 2006 summons was not issued immediately as required by the statute. Because our case law clearly states that we strictly construe statutory service requirements, we reject the State's argument that applying § 16-84-207 strictly in this case would create an absurd result. We reverse the circuit court's forfeiture judgment against First Arkansas and remand for an order consistent with this opinion.

Reversed and remanded.

---

[1] The circuit court relied on the statute relating to bail bonds in district court, giving a bail bond company 120 days to apprehend a defendant, *see* Ark. Code Ann. § 16-84-201(c)(2), rather than the 75 days allowed under § 16-84-207(c)(1)(A).