## FIRST ARKANSAS BAIL BONDS, INC. *v.*
## STATE of Arkansas

07-388                                                      284 S.W.3d 484

### Supreme Court of Arkansas
### Opinion delivered May 22, 2008

*J. Carl Bush,* for appellant.

*Dustin McDaniel,* Att'y Gen., by: *Karen Virginia Wallace,* Ass't Att'y Gen., for appellee.

PAUL E. DANIELSON, Justice. Appellant First Arkansas Bail Bonds, Inc. appeals from the circuit court's judgment forfeiting its bond of $4,000 in favor of appellee the State of Arkansas. First Arkansas's sole point on appeal is that the circuit court's forfeiture of its bond failed to comply with Ark. Code Ann. § 16-84-207(b)(2)(B) (Repl. 2005). This case is one of three similar cases certified to this court by the court of appeals pursuant to Ark. Sup. Ct. R. 1-2(b)(1), (4)-(6) (2007). For the reasons set forth in *First Arkansas Bail Bonds, Inc. v. State,* 373 Ark. 463, 284 S.W.3d 525 (2008), we reverse and remand for entry of an order consistent with this opinion.

A review of the record reveals the following facts. On May 27, 2005, Ever Alexander Guardado's bail bond agreement with First Arkansas was filed in the circuit court. On January 25, 2006, Guardado failed to appear in the circuit court, and, on January 31, 2006, the circuit court issued an order advising First Arkansas of

Guardado's failure to appear. The order was sent by certified mail and provided:

> Please be advised the above-named defendant(s) failed to appear in Circuit Court on WEDNESDAY, JANUARY 25, 2006, pursuant to written notice being mailed on January 18, 2006. The one hundred and twenty (120) day period commences to run as of the date of this Order to show cause why the sum specified in the bail bond should not be forfeited.

Some months later, on November 3, 2006, the circuit court issued a bond forfeiture summons, reciting Guardado's failure to appear and identifying First Arkansas as the surety on Guardado's bond, "which bond guaranteed the defendant's appearance on said date and on all dates as directed by the Court in these proceedings." In addition, the summons stated that no reasonable excuse had been advanced to justify the failure to appear and further provided:

> THEREFORE, it is herein considered, ordered and adjudged that the Circuit Clerk be, and hereby is directed to promptly cause an alias bench warrant to be issued for the immediate arrest of the defendant, and to cause the warrant to be delivered to the Sheriff of this Court for service upon the defendant. Upon the apprehension or surrender of the defendant, the initial appearance (bail) bond shall be $$5,000 ***CASH***; and

> IT IS FURTHER ORDERED that the Circuit Clerk be, and hereby is, directed to promptly notify the surety (one or more) that the defendant should be surrendered to the Sheriff of this Court as required by the terms of the bail bond and notify the surety (one or more) to appear before the Circuit Court on DECEMBER 13, 2006, at 9:00 AM to show cause why the full amount specified in the bail bond or the money, if any, deposited in lieu of bail should not be forfeited to Sebastian County.

On December 13, 2006, a hearing was held at which counsel for First Arkansas argued that the summons issued on November 3 was not issued "immediately" as required by Ark. Code Ann. § 16-84-207(b)(2)(B). The circuit court rejected that argument and found judgment in favor of the State and against First Arkansas. The circuit court entered its judgment on December 14, 2006, and First Arkansas filed a timely notice of appeal.

On appeal, First Arkansas contends that because the summons issued November 3, 2006, was not issued "immedi-

ately" as required by Ark. Code Ann. § 16-84-207(b)(2)(B), strict compliance with the statute was not had, and the circuit court's judgment should be reversed. As already stated, this case is one of three in which the same issue on appeal is raised. For the reasons set forth in *First Arkansas Bail Bonds, Inc. v. State*, 373 Ark. 463, 284 S.W.3d 525 (2008), we hold that strict compliance was not had, and we reverse and remand for entry of an order consistent with this opinion.

Reversed and remanded.