The Honorable Tom Tatum, II Prosecuting Attorney Fifteenth Judicial District Post Office Box 1599 Danville, Arkansas 72833
Dear Mr. Tatum:
You have asked for my opinion about whether certain juveniles must be separated "by sight and sound" when the juveniles are detained. I have paraphrased your question as follows:
 Under Arkansas law, a court may determine that a juvenile is part of a "family in need of services" (FINS). If a FINS juvenile violates the court's order, the court may order the FINS juvenile be detained in a juvenile-detention facility. When so detained, FINS juveniles must be "separated from detained juveniles charged or held for delinquency." Must FINS juveniles be so separate that they cannot hear or see delinquent juveniles?
RESPONSE
No, in my opinion. When we follow standard rules of statutory construction, the General Assembly's intent appears to be that FINS juveniles need not be separated "by sight and sound" when detained in juvenile-detention facilities. *Page 2 
DISCUSSION
Your question is one of statutory interpretation. When interpreting statutes, the basic rule is to give effect to the intent of the General Assembly.[1] To determine a statute's meaning, the first rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language.[2] The statute must be construed so that no word is left void, superfluous, or insignificant, and, if possible, every word is given meaning.[3]
Two considerations indicate that the General Assembly did not intend to require FINS juveniles — who are being detained for violating a court order — to be separated by sight and sound. Certain juveniles must be separated by sight and sound when theyare held in adult facilities.[4] FINS juveniles who are detained for violating a court order cannot be held in adult facilities.[5] It follows from this, in my opinion, that subsection 9-37-336(a)(2)(C)(ii) does not require that FINS juveniles be separated from delinquent juveniles by sight and sound. *Page 3 
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] E.g., Sykes v. Williams,373 Ark. 236, 283 S.W.3d 209 (2008); Op. Att'y Gen. 2008-126.
[2] E.g., First Arkansas Bail Bonds, Inc. v. State,373 Ark. 463, 284 S.W.3d 525 (2008).
[3] Id.
[4] A.C.A. § 9-27-336(b)(2)(A) ("A juvenile alleged to have committed a delinquent act may be held in an adult jail or lock-up . . . provided that he or she is separated by sight and sound from adults who are pretrial detainees or convicted persons."); A.C.A. § 9-37-336(b)(3)(A)(iv) (A juvenile alleged to have committed a delinquent act who is awaiting an initial appearance before a judge may be held in an adult jail or lock-up for up to twenty-four (24) hours, excluding weekends and holidays, provided the following conditions exist . . . [t]he juvenile is separated by sight and sound from adults who are pretrial detainees or convicted persons.").
[5] A.C.A. § 9-27-336(a)(2)(C)(ii) ("A [FINS] juvenile . . . shall be separated from detained juveniles charged or held for delinquency. The holding shall not occur in any facility utilized for incarceration of adults.").