Cite as 2020 Ark. App. 528

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CV-18-711

CITY OF TONTITOWN, ARKANSAS
APPELLANT

V.

CITY OF SPRINGDALE, ARKANSAS;
FIRST SECURITY BANK; AND
HILLCREST HOLDINGS, LLC
APPELLEES

**Opinion Delivered:** November 18, 2020

APPEAL FROM THE WASHINGTON
COUNTY CIRCUIT COURT
[NO. 72CV-17-884]

HONORABLE DOUG MARTIN,
JUDGE

AFFIRMED

**N. MARK KLAPPENBACH, Judge**

This appeal arises from the City of Springdale's annexation of certain property owned

by First Security Bank and Hillcrest Holdings, LLC. The City of Tontitown (Tontitown)

sought a declaratory judgment to declare the annexation void pursuant to Ark. Code Ann.

§ 14-40-2002 (Supp. 2019). The circuit court dismissed the suit with prejudice. We affirm.

First Security Bank (the Bank) owned two contiguous tracts of property in

Tontitown that bordered the City of Springdale (Springdale) on its eastern boundary and

Highway 412 on its northern boundary. The northern 15.64 acres was zoned commercial

and partially developed; the southern 22.9 acres was zoned residential and was undeveloped.

In August 2014, the Bank submitted a detachment request to the mayor of Tontitown,

pursuant to Ark. Code Ann. § 14-40-2002, stating that certain municipal services were not

being provided to its property by Tontitown and that the services were available through

Springdale. Specifically, the Bank requested that Tontitown commit to providing the additional services of adequate fire protection, adequate police protection, adequate ambulance services, water and sewer services, and "construction of a public road thereby permitting access to the 22.90 acre residential tract." Tontitown responded to the request, and the Bank filed a petition for declaratory judgment against Tontitown regarding the legal effect of Tontitown's response (Tontitown I). The circuit court entered an order finding that Tontitown had committed to providing the requested services but failed to comply with Ark. Code Ann. § 14-40-2002 because it failed to take any steps toward providing the services. On October 27, 2015, Springdale passed an ordinance annexing the Bank's property. After annexation, Springdale accepted a dedication of property for a public road from the Bank. The road, known as Jones Road, runs north to south on the eastern side of the property. Subsequently, the property was split into two tracts.

On November 16, 2015, Tontitown filed a petition challenging Springdale's annexation pursuant to Ark. Code Ann. § 14-40-2004 (Repl. 2013) and naming Springdale and the Bank as defendants (Tontitown II). During the course of litigation, the Bank sold the improved commercial property to Hillcrest Holdings, LLC (Hillcrest), which was added as a defendant. The circuit court granted the Bank's motion to dismiss for invalid service of process and dismissed the petition with prejudice as to the Bank. Springdale and Hillcrest immediately filed a joint motion to dismiss contending that the Bank was a "necessary and required party" pursuant to Ark. Code Ann. § 14-40-2004(b)(1)(B). The circuit court agreed and dismissed Tontitown's petition with prejudice.

2

Tontitown appealed the circuit court orders in both above-referenced cases. Our court affirmed the circuit court's ruling in Tontitown I. *See City of Tontitown v. First Sec. Bank*, 2017 Ark. App. 333, 522 S.W.3d 834. In Tontitown II, we affirmed the circuit court's dismissal of the Bank but reversed and remanded the circuit court's order dismissing Springdale and Hillcrest. *See City of Tontitown v. First Sec. Bank*, 2017 Ark. App. 326, 525 S.W.3d 18. Tontitown II is still pending in the Washington County Circuit Court.

On May 9, 2017, Tontitown initiated the current lawsuit when it filed suit against Springdale, the Bank, and Hillcrest alleging that Springdale did not comply with the provisions of Ark. Code Ann. § 14-40-2002. Specifically, Tontitown argues Springdale has failed to take substantial steps as required by Act 779 of 1999[1] to make the municipal services requested by the Bank and Hillcrest available to the property. Initially, Tontitown challenged the providing of other municipal services, but its final complaint alleged only that Springdale has failed to take steps necessary to make the construction of a public road available or other steps demonstrating a consistent commitment to make the services available within a reasonable time. Therefore, Tontitown requested a declaratory judgment to declare the annexation of the property into Springdale void and for the property to be returned to Tontitown.

Pursuant to Ark. Code Ann. § 14-40-2004, the circuit court held a hearing to determine whether there had been substantial compliance with the requirements of the statute. The court found that construction of the road within 180 days was not required by

---

[1]Act 779 of 1999 is codified at Arkansas Code Annotated sections 14-40-2001 to –2002.

Ark. Code Ann. § 14-40-2002; instead, Tontitown must prove that substantial steps had not been taken toward construction within 180 days. Furthermore, the court acknowledged that while the request for services did use the word "construction," it was clear the intent of the Bank's request was to be granted public access to the southern residential tract rather than literal construction of a new public road. Therefore, because public access (i.e. the requested municipal service) had been made available, Tontitown did not meet its burden to prove that Springdale failed to comply with the terms of the statute. This appeal followed.

On appeal, Tontitown contends Springdale did not take substantial steps, or continue taking steps, to construct a public road as required by Act 779 of 1999 (Act 779); therefore, the circuit court erred in determining Springdale complied with the requirements of the statute. Specifically, Tontitown argues the circuit court erred in finding Springdale's dedication of Jones Road satisfied the requirement that Springdale construct a public road.

In response, Springdale argues the circuit court was correct in holding that Tontitown had not met its burden of proof to show that Springdale failed to comply with the statute, and the circuit court's ruling should be affirmed. Similarly, the Bank and Hillcrest contend the circuit court did not err in determining the Bank's request was for public access and not literal construction of a new public road, and because public access is available, the circuit court order should be affirmed.

In civil bench trials, the standard of review on appeal is whether the circuit court's findings were clearly erroneous or clearly against a preponderance of the evidence. *Peregrine Trading, LLC v. Rowe*, 2018 Ark. App. 176, at 1, 546 S.W.3d 518, 520. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the entire

4

evidence, is left with a firm conviction that a mistake has been committed. *Id.* at 1–2, 546 S.W.3d at 520. Facts in dispute and determinations of credibility are solely within the province of the fact-finder. *Id.*

Furthermore, we review issues of statutory interpretation de novo. *City of Ft. Smith v. Carter*, 372 Ark. 93, 270 S.W.3d 822 (2008). Our supreme court has directed that the basic rule of statutory construction is to give effect to the intent of the General Assembly. *Ryan & Co. AR, Inc. v. Weiss*, 371 Ark. 43, 263 S.W.3d 489 (2007). In determining the meaning of a statute, our first rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* This court construes the statute so that no word is left void, superfluous, or insignificant, and meaning and effect are given to every word in the statute if possible. *Id.* When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to resort to rules of statutory construction. *Id.*

In 1999, Act 779 was enacted to provide the procedure for the annexation of land into an adjoining municipality to obtain municipal services. Section 14-40-2002 provides the criteria that allows a landowner to seek detachment from one municipality and be annexed by another. This section further sets forth requirements dictating when and what actions must occur for the other municipality to annex certain land and states the procedure for what happens if the statutory requirements are not satisfied. It provides in relevant part as follows:

> The annexation shall be void and the land shall be returned to the original municipality if the annexing municipality fails to take substantial steps within one hundred eighty (180) days after the passage of the ordinance, resolution, or motion to make the services available and, within each thirty-day period thereafter, continues

5

taking steps demonstrating a consistent commitment to make the additional service available within a reasonable time, as determined by the kind of services requested.

Ark. Code Ann. § 14-40-2002(b)(3)(B)(i).[2]

Tontitown contends Springdale has not complied with the statute because there is no newly constructed public road providing access to the property. Appellees cite *City of Rockport v. Malvern*, 2010 Ark. 449, 374 S.W.3d 660, in support of their argument that it complied with the terms of the statute. In *Rockport*, property owners requested sewer service, but because the City of Malvern did not construct a physical sewer pipe on the property within the deadline required by Act 779, Rockport challenged Malvern's annexation of the property. On appeal, the Arkansas Supreme Court rejected the argument that Act 779 required a physical sewer pipe be put in place; it instead held that Malvern had complied with the statute by making a sewer connection available and otherwise taking the necessary steps pending actual development of the property by the landowners. *Id.* As in *Rockport*, Springdale has made the municipal service requested available, and the evidence supports that Springdale intends to extend Jones Road when development plans for the 22.9-acre tract are complete.

The evidence also does not support Tontitown's argument that Jones Road is exactly the same as it was prior to the road dedication in 2015. Prior to annexation, Springdale's public-works director inspected the private drive and determined it met Springdale's road standards and recommended it be accepted as constructed. Immediately upon annexing the

---

[2]Act 838 of 2019 amended the 180-day requirement for substantial steps to have been taken to 90 days.

property, Springdale accepted a dedication by the Bank of an existing private road as a public road as well as the dedication of a right-of-way extending from the end of the paved portion of the road across the remainder of the 15.64 tract and into the 22.9-acre tract. It is undisputed that when Springdale accepted the dedication of Jones Road as a public road, it also assumed the responsibility of maintaining it. Furthermore, the Mayor of Springdale testified that Jones Road was then placed on Springdale's master street plan with plans for the street to be developed further south as development dictates. James Clark, Tontitown's public-works director, testified that obtaining a right-of-way or easement is a substantial step to putting a public road on private property and that the ongoing commitment to provide maintenance to the public road would be a substantial step as well.

The Bank's vice president of special assets, Tonya Patrick, testified regarding the intent behind the Bank's request for services. Ms. Patrick made clear that the Bank's purpose was to increase the value of the unimproved property by having public access to Highway 412. Most importantly, the Bank wanted to be able to sell the front portion of the property without losing public access to the back portion. It was well established by testimony that with the dedication of the existing private road as a public street and the extension of the public road's right-of-way into the undeveloped tract, Hillcrest or subsequent owners of Hillcrest's property cannot prohibit the public from accessing the 22.9-acre tract, thereby satisfying the Bank's request.

Next, Tontitown argues that Springdale was required to continue taking steps to demonstrate a consistent commitment to provide the services within a reasonable time. Tontitown reasons that if accepting a dedication was all that was required to "construct" a

7

public street, then it would have done so. We do not find this argument convincing. As abstracted, Ms. Patrick testified at trial as follows:

> Tontitown never suggested to First Security Bank that they could dedicate a right-of-way for a public road. That would be a big difference. . . . Tontitown could have done what Springdale did, but they did not do anything. It is possible that when this letter was written, we used the word "construction" because we did not know the condition of the road. We were just wanting to make sure that if it wasn't acceptable that there would be some construction to ensure access. We didn't care if construction was required or if the road was okay in its present configuration. We just wanted access, and Springdale gave us that.

Tontitown unsuccessfully argued to the circuit court that it was already providing the requested access, and when it questioned Ms. Patrick regarding this claim, she correctly stated, "[T]hat's not accurate, because a city cannot provide public access across private property." We find this testimony integral to the case. Springdale made the public access that the Bank requested available, while Tontitown did not.

Lastly, Tontitown effectively argues that any request for municipal services from a landowner under Act 779 must be taken literally, word for word. Nothing in the statute, however, requires such a stringent analysis. Even if we were to conclude that there existed some ambiguity within the statute, the circuit court did not err in its ruling.

Where a statute is ambiguous, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. *City of Maumelle v. Jeffrey Sand Co.*, 353 Ark. 686, 120 S.W.3d 55 (2003). Our court can also look to the emergency clause to determine legislative intent. *Id.* The annexation statute provides as follows: "It is the purpose of this subchapter to assist landowners to obtain municipal services by making the services reasonably available." Ark. Code Ann. § 14-40-2001 (Repl.

8

2013). In *Jeffrey Sand*, the Arkansas Supreme Court held that the language of the statute indicates the remedy the legislature sought to provide was to give the landowner a means of obtaining services to the property. *Id.* at 694, 120 S.W.3d at 59.

Tontitown argues that the statute requires Springdale to construct a new road because that is what the Bank requested, and they are "stuck" with that request—construction of a public road. Accepting an argument such as this would defeat the express legislative intent of the statute. Voiding the annexation, in light of all the evidence that the Bank is attempting to develop the property and needed Springdale's services to do so, would entirely defeat the statutory purpose of section 14-40-2002 and lead to an absurd result. Our supreme court has held that it will not interpret a statute in a manner that defeats its legislative purpose nor interpret a statute to lead to an absurd result. *Jeffrey Sand*, 353 Ark. at 696, 120 S.W.3d at 61. Springdale argues the intent of Act 779 is to obtain municipal services, not to require unnecessary construction. We agree.

In anticipation of this appeal, however, the circuit court went even further in its ruling. It held that if by chance an appellate court interpreted the request as requiring literal construction of a public road, the evidence shows Springdale has taken substantial steps toward doing so. Given Springdale's action of obtaining the additional right-of-way onto the southern undeveloped portion of the property for future extension and placing Jones Road on the master street plan, we cannot say the circuit court erred in finding that substantial steps toward constructing the public road have been taken.

Considering the evidence presented and being mindful of our standard of review, we find no clear error in the circuit court's ruling that the annexation substantially complied

with the requirements of Ark. Code Ann. § 14-40-2002. The circuit court's order dismissing the case with prejudice is affirmed.

Affirmed.

HIXSON and BROWN, JJ., agree.

*Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, by: *Robert K. Rhoads* and *M. Scott Hall*, for appellant.

*Ernest B. Cate*, Office of the City Attorney, City of Springdale, Arkansas, for separate appellee City of Springdale.

*Millar Jiles, LLP*, by: *Gary D. Jiles* and *Matthew K. Brown*, for separate appellees First Security Bank and Hillcrest Holdings, LLC.